**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION**


SHANNON L. CLARK,

    Plaintiff,

vs.	Case No. 5:08cv186-RS/WCS

MAJOR REGGIE PATRICK,
WALTER McNEIL, and
WARDEN JOHN DOE,

    Defendants.

                                   /

## SECOND REPORT AND RECOMMENDATION

By court order entered on February 4, 2008, Plaintiff, a *pro se* inmate, was ordered to file a third amended complaint. Doc. 38. Plaintiff timely complied, and filed the third amended complaint, doc. 41, along with a "motion for government's request under all writs act for order compelling defendants to provide access to certain records and files for inspection and copy." Doc. 39. Additionally, Plaintiff simultaneously filed a "supplemental emergency motion," doc. 40, which is a successive motion for a preliminary injunction.

Plaintiff's third amended complaint, filed under 42 U.S.C. § 1983, remains deficient for failing to comply with Fed. R. Civ. P. 10(b). Doc. 41. Pursuant to Rule

10(b), all statements "shall be made in numbered paragraphs, the contents of which shall be limited as far as practicable to a statement of a single set of circumstances." Fed. R. Civ. P. 10(b).  In its present form, the complaint could not be appropriately responded to by the Defendants, even if Plaintiff presented a viable claim for relief.

Plaintiff has not, however, presented a constitutional claim.  Plaintiff makes broad allegations of numerous constitutional deficiencies, but fails to allege any facts supporting any of those claims.  Plaintiff negligence in failure to provide "legally appropriate health care" and a breach of contract concerning visitation.  Plaintiff contends that he was subjected to psychological pain, as well as his family, and he was deprived of the right to practice his religion, subjected to racial discrimination, retaliation, witness tampering, and had property destroyed.  *Id.*

Plaintiff's many claims are unsupported by any statement of facts showing actions by particular Defendants that violate Plaintiff's constitutional rights.  A complaint must do more than present legal conclusions.  As Plaintiff has been advised previously, he must state facts showing "exactly how a particular Defendant harmed him."  Doc. 26. Plaintiff has had sufficient opportunity to file a viable complaint, but has not done so. Considering the way that Plaintiff's claims have changed and multiplied, it is also doubtful that Plaintiff has exhausted his administrative remedies as to any claim. Nevertheless, because the third amended complaint fails to state a claim, this case should now be dismissed.

As Plaintiff fails to present a claim upon which relief could be granted in the third amended complaint, Plaintiff has also failed to demonstrate that relief should be granted concerning his supplemental emergency motion for preliminary injunction.  Doc. 40.  It is

Case No. 5:08cv186-RS/WCS

noted that Plaintiff's previously filed motion for a preliminary injunction and restraining order, doc. 2, was previously denied.  Docs. 27 and 30.  The instant motion, doc. 40, provides no relation even to the third amended complaint, and is not an emergency as Plaintiff seeks to have his mental and medical health records from 2003 through 2004 made available to prison officials at Gulf Correctional Institution.  Doc. 40.  Since Plaintiff's complaint is insufficient, the motion for an injunction should be denied.

If this report and recommendation is granted, Plaintiff's remaining motion, to provide certain records for inspection, doc. 39, should be denied as moot.

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's motion to provide certain records for inspection, doc. 39, be **DENIED** as moot, that Plaintiff's supplemental emergency motion for preliminary injunction, doc. 40, be **DENIED**, and that Plaintiff's third amended complaint, doc. 41, be **DISMISSED** for failure state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2), and that the order adopting this report and recommendation direct the clerk of court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**IN CHAMBERS** at Tallahassee, Florida, on March 23, 2009.


                s/    William C. Sherrill, Jr.
                **WILLIAM C. SHERRILL, JR.**
                **UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

Case No. 5:08cv186-RS/WCS